**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| **BRIAN J. HUFFMAN, as administrator of the estate of ELIUD MONTOYA-ARCOS, deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE DAVEY TREE EXPERT COMPANY, WOLF TREE, INC., MARJORIE L. CONNER, CHRISTOPHER BRANCH, OSCAR CRUZ, AND PABLO RANGEL a/k/a PABLO RANGEL-RUBIO,**<br><br>**Defendants.** | **Case No.** 4:18-cv-184<br><br>**Judge** William T. Moore, Jr |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants The Davey Tree Expert Company ("Davey Tree") and Wolf Tree, Inc. ("Wolf Tree") hereby remove this action, currently pending as Case No. 5T CV 18 01084 in the State Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Defendants Davey Tree and Wolf Tree are joined by Defendants Marjorie Conner, Christopher Branch, and Oscar Cruz in this Notice of Removal.

In support of this Notice of Removal, Davey Tree and Wolf Tree state:

1.      On July 3, 2018, Plaintiff Brian J. Huffman, as administrator of the estate of Eliud Montoya-Arcos ("Montoya") filed a Complaint against Davey Tree, Wolf Tree, Marjorie L. Conner, Christopher Branch, Oscar Cruz, and Pablo Rangel in the State Court of Chatham

County, Georgia. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2.  Wolf Tree was served with the Summons and Complaint on July 9, 2018, and Davey Tree was served on July 10, 2018. Accordingly, this Notice of Removal is timely filed within the thirty (30) days allotted for removal by 28 U.S.C. § 1446(b). Defendants Conner, Branch, and Cruz join in this notice of removal, and Defendant Rangel consents to the removal (Exhibit I, Rangel Consent).

3.  Plaintiff's Complaint asserts thirteen counts against Defendants:

    a. Count 1 – Civil RICO in violation of O.C.G.A. §16-4-4(a);

    b. Count 2 – Civil RICO in violation of O.C.G.A. §16-4-4(b);

    c. Count 3 – Civil RICO in violation of O.C.G.A. §16-4-4(c);

    d. Count 4 – Battery;

    e. Count 5 – Assault;

    f. Count 6 – Negligence;

    g. Count 7 – Respondeat superior;

    h. Count 8 – Negligence;

    i. Count 9 – Respondeat superior;

    j. Count 10 – Negligent hiring and retention;

    k. Count 11 – Survival claim;

    l. Count 12 – Attorneys' fees; and

    m. Count 13 – Punitive damages.

4.  Plaintiff's civil RICO claim alleges that Defendants engaged in various instances of racketeering activity in violation of federal law, including mail fraud (18 U.S.C. § 1341); wire

fraud (18 U.S.C. § 1343); money laundering (18 U.S.C. § 1956); and the use of false identification documents to verify employment (18 U.S.C. § 1546).

5. Specifically, Plaintiff alleges that Defendants violated 18 U.S.C. §§ 1341 and 1343 by devising a scheme and artifice to defraud its customers by concealing from its customers that its workforce was not properly documented, in violation of 18 U.S.C. § 1546. (Cmplt. at ¶¶ 86, 87). Plaintiff further alleges that Defendants committed a RICO predicate act by making wire transfers to credit card companies and a defendant involving the proceeds from the alleged fraud, with the intent to promote the violation of 18 U.S.C. §§ 1341, 1343, and 8 U.S.C. § 1324(a)(1)(A)(iii). (Cmplt. at ¶ 89.)

6. Federal courts may exercise jurisdiction over state law claims that implicate significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

7. Plaintiff's RICO causes of action implicate significant and substantial federal issues, particularly the interplay of multiple federal statutes. Plaintiff alleges a violation of the Georgia state RICO act through the commission of various federal offenses, including federal mail and wire fraud. Plaintiff's theory of mail and wire fraud appears to be that Defendants violated federal law by failing to properly verify that workers were eligible to work in the United States, failed to disclose that alleged violation to its customers, and that the failure to disclose constitutes federal mail and wire fraud. Accordingly, Plaintiff's complaint would not only require the state court to determine whether there has been a violation of federal immigration and employment laws, but whether, under federal law, there exists a duty to disclose the violation to the customer. And, if a duty to disclose does exist, a third layer of federal analysis is then required: whether the failure to disclose alleged non-compliance with federal immigration and

3

employment law constitutes federal mail and wire fraud, even if the customer received all that it bargained for in the agreement.

8. The interpretation of the legal interplay between multiple federal laws, and whether a violation of an independent federal law necessarily constitutes federal mail and wire fraud has been held to create a matter of substantial federal interest. *See Ayres v. GMC*, 234 F.3d 514, 520 (11th Cir. 2000) (accepting jurisdiction and holding that a determination of whether a defendant violated the federal Safety Act, and whether such violation constituted a mail and wire fraud for the purpose of proving a violation of the Georgia RICO statute created "a matter of considerable magnitude and substantial federal interest"); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1302 (11th Cir. 2008) (remanding case but stating that the need to construe two independent bodies of federal law, and their interaction, creates a far more substantial federal question to support jurisdiction).

9. Likewise, Plaintiff's RICO causes of action allege that Defendants violated the federal money laundering statute by the unlawful harboring of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), thereby requiring a state court to make interpretations of two different federal statutes, including one relating to the United States immigration law, and determine whether a violation of the United States immigration law could – and what circumstances – constitute a violation of the federal money laundering statute. Interpretation of United States immigration law, and the interplay of that law with that of the federal money laundering, mail, and wire fraud statutes constitutes a matter of substantial federal interest. *Cf. Salehi v. District Director, Immigration & Naturalization Serv.*, 796 F.2d 1286, 1289 (10th Cir. 1986) (noting that district courts have jurisdiction over all civil and criminal causes of action arising under the immigration statutes); *see also* 8 U.S.C. §1329 ("The district courts of the

United States shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under the provisions of this title.").

10. As a result of Plaintiff's state law claims raising issues of substantial importance and serious federal interests, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which Davey Tree and Wolf Tree may remove to this Court pursuant to 28 U.S.C. § 1441(a).

11. Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the state action is pending.

12. Promptly upon filing this Notice of Removal with this Court, Davey Tree and Wolf Tree will give written notice of this removal to Plaintiff and will also file a copy of this Notice with the Clerk of the Court of the State Court of Chatham County, Georgia.

13. As required by 28 U.S.C. § 1446(a), all service, pleadings, and other documents filed in the state court action are attached hereto as exhibits. Exhibit A consists of the summons and complaint; Exhibit B consists of discovery papers filed with the complaint, to wit: interrogatories and requests for production of documents to each defendant, along with notices of deposition for Mr. Branch, Ms. Conner, Mr. Cruz, and Mr. Rangel; Exhibit C consists of the Certificate of Service for Mr. Cruz; Exhibit D consists of Plaintiff's Notice of Filing Sheriff Entries of Service; Exhibit E consists of Plaintiff's Notice of Filing of Sheriff Entries of Service; Exhibit F consists of Mr. Rubio's Answer pro se; Exhibit G consists of a Summons to Ms. Conner; Exhibit H consists of Plaintiff's Notice of Filing of Sheriff Entry of Service for Ms. Conner.

14. By filing this Notice of Removal, no Defendant waives, and hereby reserves, all objections as to service, personal jurisdiction, and any other defenses which they may have.

WHEREFORE, The Davey Tree Expert Company and Wolf Tree, Inc. respectfully give notice that this action is to be, and hereby is, removed from the State Court of Chatham County, Georgia, to the United States District Court, Southern District of Georgia, Savannah Division.

THIS 2nd day of August, 2018.

By:

/s/ *George T. Major, Jr.*

I. GREGORY HODGES
Georgia Bar No. 358925
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608
OLIVER MANER LLP
218 West State Street
Savannah, GA 31401-3232
Telephone: (912) 236-3311
Facsimile: (912) 236-8725
ghodges@olivermaner.com
gmajor@olivermaner.com

*Attorneys for Defendants The Davey Tree Expert Company and Wolf Tree, Inc.*

/s/ *Kimberly Cofer Butler*
R. Clay Ratterree
Georgia Bar No. 595312
Kimberly Cofer Butler
Georgia Bar No. 172950
**ELLIS, PAINTER, RATTERREE & ADAMS LLP**
2 East Bryan Street, 10th Floor
Savannah, GA 31401

*Attorney for Defendant Marjorie L. Conner*

7

/s/ *Carlton E. Joyce*
Carlton E. Joyce
Georgia Bar No. 405515
Vandana M. Abrams
Georgia Bar No. 158799
**BOUHAN FALLIGANT LLP**
One West Park Avenue
Savannah, GA 31401

*Attorneys for Defendant*
*Christopher Branch*

/s/ *William E. Dillard*
Wiley A. Wasden III
Georgia Bar No. 738750
William E. Dillard
Georgia Bar No. 222030
**BRENNAN WASDEN & PAINTER LLC**
411 East Liberty
Savannah, GA 31401

*Attorneys for Defendant Oscar Cruz*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing Notice of Removal was served by regular U.S. Mail this 2nd day of August, 2018, on the following:

Robert Bartley Turner, Esq.
James D. Durham, Esq.
William Jarrell Degenhart, Esq.
Georgia Bar No. 384018
**SAVAGE, TURNER, DURHAM,
PINCKNEY & SAVAGE**
102 East Liberty Street, 8th Floor
P.O. Box 10600
Savannah, GA 31412

John Charles Watts, Jr., Esq.
**Watts & Watts**
145 Habersham Street
Savannah, GA 31401

Pablo Rangel-Rubio
769 GA Hwy 57
Swainsboro, GA 30401

R. Clay Ratterree, Esq.
Kimberly Cofer Butler, Esq.
**ELLIS, PAINTER, RATTERREE & ADAMS, LLP**
P.O. Box 9946
Savannah, GA 31412

Wiley A. Wasden III, Esq.
William E. Dillard, Esq.
**BRENNAN, WASDEN & PAINTER, LLC**
411 East Liberty Street
Savannah, GA 31401

Carlton E. Joyce, Esq.
Vandana M. Abrams, Esq.
**BOUHAN FALLIGANT LLP**
P.O. Box 2139
Savannah, GA 31402

/s/ *George T. Major, Jr.*
I. GREGORY HODGES
Georgia Bar No. 358925
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

OLIVER MANER LLP
218 West State Street
Savannah, GA 31401-3232
Telephone:  (912) 236-3311
Facsimile:  (912) 236-8725
ghodges@olivermaner.com
gmajor@olivermaner.com

*Attorneys for Defendants The Davey Tree Expert Company and Wolf Tree, Inc.*