# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRIAN J. HUFFMAN, as | ) | |
| Administrator of the Estate | ) | |
| of Eliud Montoya-Arcos, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-184 |
| | ) | |
| THE DAVEY TREE | ) | |
| EXPERT COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, in this Georgia Civil RICO and tort case, seeks a stay of the deadline for his response to defendants' motions to dismiss and to other case management deadlines (specifically, Fed. R. Civ. P. 26(f)'s conference deadline), pending decision on his motion to remand this case to the State Court of Chatham County, Georgia. Doc. 25. Although plaintiff does not represent that he has sought or received consent to the stay, waiting until the deadlines for filing defendants' responses would render the requested stay moot. *Compare id.* at 2-3 (noting the deadline for plaintiff to respond to defendants' motions to dismiss are August 22 and 23, 2018, and the deadline for the Rule 26(f) conference is August 30,

2018), *with id.* (filed on August 16, 2018), *and* S.D. Ga. L. Civ. R. 7.5 (providing a 14-day period to oppose a motion). The Court will, therefore, consider plaintiff's request immediately.

Meanwhile, plaintiff represents that he *intends* to file a motion to remand this case "within thirty (30) days of removal, *i.e.,* by September 1, 2018." Doc. 25 at 2. The anticipated motion will argue that there is no basis for this Court's subject matter jurisdiction over this case. *Id.* Since there is no dispute that several parties are Georgia citizens, subject matter jurisdiction depends upon whether the Complaint, which, on its face invokes only state law, presents a federal question. *See* doc. 1 at 3 ¶ 7 (arguing that plaintiff's claims "implicate significant and substantial federal issues").

The question of the Court's subject matter jurisdiction is antecedent to the motions to dismiss and to the pendency of any discovery. *See, e.g., University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) (noting that "the district court should have resolved the issue of subject matter jurisdiction before reaching the merits of any other issue"). Accordingly, the Court provisionally **GRANTS** the stay. Doc. 24 (Motion); doc. 25 (Amended

Motion). Any defendant opposing the stay may object to this Order within the response period for the original motion, and the Court will revisit the issue. Absent any objection, all pending deadlines in this case, including the deadline for plaintiff to respond to defendants' motions to dismiss (Docs. 5 & 8) and the parties' deadline to conduct the conference required by Fed. R. Civ. P. 26(f) are **STAYED** until 5:00 p.m. Eastern Standard Time on September 14, 2018, if no motion to remand is filed, *or* until 14 days after the Court enters an Order denying such a motion.

**SO ORDERED**, this 20th day of August, 2018.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA