# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

| | |
|---|---|
| BRIAN J. HUFFMAN, as Administrator of the Estate of ELIUD MONTOYA-ARCOS, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 18-cv-00184 |
| v. | )<br>) Judge William T. Moore, Jr.<br>) Magistrate Judge Brian K. Epps |
| THE DAVEY TREE EXPERT COMPANY; WOLF TREE, INC; MARJORIE L. CONNER; CHRISTOPHER BRANCH; OSCAR CRUZ; and PABLO RANGEL, also known as Pablo Rangel-Rubio, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference: **April 27, 2023**

2. Parties or counsel who participated in the conference:

    **For Plaintiff:**

    James D. Durham, Griffin, Durham, Tanner & Clarkson
    Carolyn Spellman, Savage, Turner, Pinckney, Savage & Sprouse

    **For Defendants, The Davey Tree Company and Wolf Tree, Inc. ("Company Defendants"):**

    Edward E. McNally (admitted pro hac vice)
    Marcellene E. Hearn (pro hac vice admission forthcoming)

    **For Defendant Marjorie Conner ("Ms. Conner"):**

    Kim Butler

**For Defendant Christopher Branch ("Mr. Branch")**:

Gary McGinty

**For Defendant Oscar Cruz ("Mr. Cruz", and together with Company Defendants, Ms. Conner and Mr. Branch, the "Defendants")[1]:**

Bill Dillard and Wiley Wasden

**Defendant Pablo Rangel:**

Housed in the United States Bureau of Prisons, did not attend.

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.   **Not Applicable.**

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   **Initial Disclosures will be made by May 31, 2023 pursuant to an agreed-upon protective order.**

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or propose changes to the timing or form of those disclosures,

   (a) Identify the party or parties making the objection or proposal:

   (b) Specify the objection or proposal:

6. The Local Rule provide a 140-day period for discovery. If any party is requesting additional time for discovery,

   (a) Identify the party or parties requesting additional time:

   **Plaintiff's Position:** Plaintiff requests a 6-month discovery period, beginning on the date of the Court's scheduling order. Plaintiff opposes Defendants' request to further stay this case. As they admit, Defendants' contemplated motions to dismiss will not be dispositive of all claims and would operate solely to delay. Moreover, any discovery collected by Plaintiff related to their RICO claims will also be relevant

---

[1] "Defendants" does not include Defendant Pablo Rangel.

to the claims asserted that will not be the subject of Defendants' anticipated motions. Accordingly, Defendants' anticipated motions to dismiss cannot serve as a basis to further delay this case.

**Defendants' Position:** Defendants' position is that discovery should be stayed pending the resolution of Defendants' impending motion to dismiss Counts I to III of the Complaint (the "Georgia RICO claims"). This Court so-ordered a stipulated schedule permitting all Defendants to file their updated motions no later than June 15, 2023, with briefing to be completed on August 14, 2023 (Doc. 93).

Given the impending motions to dismiss, there is good cause to stay discovery pending the resolution of those motions. The motions, if granted, would entirely dispose of the Georgia RICO claims and substantially "limit or eliminate the need for discovery" because no discovery would be required regarding the RICO claims. *See e.g., Rutan v. Carswell Cherokee Tr.*, 2020 WL 13532882, at *2 (S.D. Ga. Jan. 6, 2020) (finding good cause to stay discovery pending motion to dismiss RICO claims because the underlying "motion to dismiss, if granted, would limit or eliminate the need for discovery").

Further, Plaintiff will not be prejudiced by a short stay because – beginning over five years ago, in 2018, extensive discovery related to his other claims here has already been taken and largely completed in a related state court action in Savannah styled, *Maria De Los Angeles Sierra Hernandez a/k/a Maria Montoya v. The Davey Tree Expert Company, et al.*, No. STCV17-01873, currently pending in the State Court of Chatham County – State of Georgia ("Montoya Action"). The Montoya Action is a wrongful death and negligence action brought by the widow of the same decedent in this action against the same defendants here. And the factual allegations for the negligence and respondeat superior claims here and in the Montoya Action substantially overlap and certain of the claims are virtually identical.

As a result, Plaintiff's counsel, who are also counsel in the Montoya Action, already has received tens of thousands of pages of discovery, and taken or been present at more than fifty fact witness depositions, as well as expert depositions. In addition, as noted below, Plaintiff also has access to testimony and exhibits that were introduced in two separate federal criminal trials in 2022, as well as for other proceedings. (Defendants reserve all rights, and do not waive any objections to the admissibility of materials from any criminal or other proceedings).

(b)    State the number of months the parties are requesting for discovery:

**Plaintiff's Position:** Plaintiff objects to Defendants' proposed 3-month extension for expert witnesses. In the State case, the parties have identified a number of experts, and these experts have been deposed. To the extent any party identifies additional experts in this case, such experts can be identified within 60 days of the beginning of discovery, as is the standard practice in cases before U.S. District Court Judge William T. Moore, Jr.

**Defendants' Position:** 6 months of fact discovery from the date on which the impending motions to dismiss are resolved, plus 3 months for expert discovery to commence after the close of fact discovery.

Defendants object to Plaintiff's characterization of the status of expert discovery in the Montoya Action. After the close of discovery in the Montoya Action, plaintiff (who is represented by some of the same counsel as Plaintiff here) moved on March 31, 2023 to identify a new expert, which the Defendants here have opposed. That motion remains pending, and there may be additional depositions of the late-identified expert and rebuttal experts.

(c)    Identify the reason(s) for requesting additional time for discovery:

    X    Unusually large number of parties

    __    Unusually large number of claims or defenses

    X    Unusually large number of witnesses

    X    Exceptionally complex factual issues

    __    Need for discovery outside of the United States

    __    Other:

(d)    Please provide a brief statement in support of each of the reasons identified above:

**Plaintiff's Position:** In a case of this complexity, the parties would usually request a discovery period well in excess of the 6-months requested herein by the parties (except for Defendant Pablo Rangel). However, a significant amount of relevant evidence was admitted

during related criminal prosecutions by the Department of Justice and significant discovery that may be applicable in this case has been accomplished in a wrongful death claim pending in the State Court of Chatham County (Case No. STCV17017873). Notwithstanding the complexity of this case, Plaintiff believes a six-month discovery period will suffice.

**Defendants' Position:** Given the complexity of this case, the large number of parties, the large number of witnesses, and the complexity of RICO claims covering many years of alleged conduct – six months of fact discovery, to begin after resolution of the motions to dismiss, followed by 3 months of expert discovery is the minimum amount of time that is both necessary and warranted.

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

   (a) Identify the party or parties requesting such limits:

   **Company Defendants, Ms. Conner, Mr. Branch and Mr. Cruz.**

   (b) State the nature of any proposed limits:

   **Defendants' Position:** As indicated above, the Defendants' position is that discovery should be stayed pending the resolution of the Defendants' motions to dismiss the complex RICO claims. In addition, because many of the witnesses in this case have already been deposed in connection with the Montoya Action, the Defendants' position is that any deposition of witnesses that were already deposed in the Montoya Action should be limited to 4 hours in this action, and to subject matters on which said witnesses were not already previously deposed. As indicated above, Defendants believe that discovery should be phased, with six months of fact discovery, followed by 3 months of expert discovery, which would allow the experts to draw on all fact discovery in reaching their opinions.

   **Plaintiff's Position:** Plaintiff agrees to a four hour limit on previously deposed witnesses, but would otherwise would not agree with any other restrictions suggested by Defendants.

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings: | 60 days after the issue is joined, unless otherwise superseded by other Court order in this case |
| Last day to furnish expert witness report by Plaintiff | 60 days after the beginning of discovery period. |
| Last day to furnish expert witness report by Defendants | 90 days after the beginning of discovery period Rule 26(f) |
| Last day to file motions | 30 days after close of discovery |

If any parties request a modification of these deadlines,

    (a)    Identify the party or parties requesting the modification:

        **Company Defendants, Ms. Conner, Mr. Branch and Mr. Cruz.**

    (b)    State which deadline should be modified and the reason supporting the request:

        **<u>Defendants' Position</u>:** Defendants' position is that all four deadlines should be modified as follows.

- In keeping with the order entered by Judge Epps on May 2, 2023 (Doc. 93), the last day to amend the pleadings should be July 14, 2023. However, the last day to add or join parties should remain 60 days after the issue is joined.

- The last day to furnish expert witness reports by plaintiff should be 1 month after the close of fact discovery.[2]

---

[2] As indicated above, Defendants' position is that discovery should be stayed pending resolution of the motions to dismiss the Georgia RICO claims, and that the discovery period should commence only after the resolution of the motions.

- The last day to furnish expert witness report by a defendant should be 2 months after the close of fact discovery.

- The last day to file motions should be 60 days after the close of expert discovery, including due to the complexity of the legal issues in this case.

9. If the case involved electronic discovery,

(a) State whether the parties have reached an agreement regarding preservation, disclosure or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

> **The parties are working diligently and cooperatively towards an agreed stipulation and joint discovery plan governing the disclosure and discovery of ESI.**

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

10. If the case is known to involve claims or privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims or privilege or protection after production of either electronic or other discovery material:

> **The parties are working diligently and cooperatively towards a proposed confidentiality agreement and protective order which would contain, among other provisions, procedures for the assertion of privilege following inadvertent production of privileged materials.**

(b)     Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

(c)     Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

> **Plaintiff's Position:** The Defendants have asserted the attorney-client privilege and work-product doctrine relating to conversations and actions taken by certain corporate employees. The Plaintiff does not agree with Defendants' assertions. Judge Sapp in the wrongful death case in Chatham County State Court has ruled in favor of Defendants relating to several of the privilege/work-product issues that have been raised. Plaintiff believes the State Court's order to be in error. Furthermore, the Special Master's recommendation only related to the certain documents and in no way related to oral communications with Eliud Montoya or any other individuals oral communications with Defendant Conner.
>
> **Defendants' Position:** In the Montoya Action, the parties have already litigated and the State Court of Chatham County has already found that the ***communications*** and ***documents*** related to the internal privileged investigation that was conducted by the Company Defendants' counsel into a complaint made by the decedent are protected from disclosure by the attorney-client privilege and work product protections. On December 13, 2018, the State Court appointed Daniel C. Cohen as Special Master to assess these issues, which resulted in the Special Master's Recommendation issued on January 11, 2019.
>
> In March 2023, the State Court conclusively adopted the Special Master's Recommendation which found that, "[a]s to the ***communications*** and ***documents*** created after Ms. Conner's involvement and the investigation began on April 24, 2017, those are and remain both privileged and protected by the work-product doctrine." (Order, dated March 29, 2023, at 3 (emphasis added), attached hereto as Exhibit A.) The Special Master also found that the "***communications*** **between and among Ms. Conner and the Defendants' personnel involved in the investigation she carried out are privileged, and cannot be revealed with Defendants' permission**, unless some exception exists." (Exhibit A,

>  at 3 (quoting Special Master's Recommendation at 8) (emphasis added).)
>
> Two of the same law firms currently representing Plaintiff Huffman consented to the entry of an order adopting the Special Master's Recommendation and did not dispute the State Court's ruling, or characterize it as legal error. But in doing so above, Plaintiff appears to seek a second bite at the apple on the privilege issue, and to circumvent both the Special Master's Recommendation and the State Court's adoption of those recommendations on a dispute that has been settled for more than four years. The Company Defendant's position is that Plaintiff Huffman should be precluded from re-litigating the issue in this action.

11.  State any other matters the Court should include in its scheduling order:

12.  The parties certify by their signatures below that they have the possibilities for a prompt settlement and resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

>  **Prior to the Stay ordered by this Court, the Parties (minus Pablo Rangel) engaged in private mediation over a two-day period to discuss a possible global settlement of the State and federal cases. That mediation was unsuccessful. The parties have widely opposing views as to both liability and damages. Settlement short of trial is highly unlikely.**

SAVAGE TURNER PINCKNEY SAVAGE & SPROUSE
*/s/ Robert Bartley Turner*
Robert Bartley Turner
Georgia Bar Number: 006440
102 E. Liberty Street, 8th Floor
Savannah, GA 31401
Ph: (912) 231-1140
Fax: (912) 232-4212

GRIFFIN DURHAM TANNER & CLARKSON
Georgia Bar No. 235515
jdurham@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: (912) 867-914

*Attorneys for Plaintiffs*


KASOWITZ BENSON TORRES LLP

*/s/ Edward E. McNally*
Edward E. McNally (*pro hac vice*)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: EMcNally@kasowitz.com

Christopher W. Phillips
Georgia Bar No. 002920
HUNTER, MACLEAN, EXLEY & DUNN P.C.
P.O. Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email:  cphillips@huntermaclean.com

*Attorneys for Defendants The Davey Tree Expert Company and Wolf Tree, Inc.*

ELLIS PAINTER

*/s/ Kimberly Cofer Butler*
Kimberly Cofer Butler
Georgia Bar No. 172950
P.O. Box 9946
Savannah, Georgia 31412
Telephone:  (912) 233-9700
Email:  kbutler@ellispainter.com

*Attorneys for Defendant Marjorie L. Conner*


BOUHAN FALLIGANT LLP

*/s/  Carlton E. Joyce*
Carlton E. Joyce
Georgia Bar No. 405515
Post Office Box 2139
Savannah, Georgia 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
Email: cejoyce@bouhan.com

*Attorneys for Defendant Christopher Branch*


BRENNAN & WASDEN, LLC

*/s/ Wiley A. Wasden*
Wiley A. Wasden, III
Georgia Bar No. 738750
William E. Dillard, III
Georgia Bar No. 222030
Post Office Box 8047
Savannah, Georgia 31412
Telephone:  (912) 232-6700
Facsimile:  (912) 232-079
Email: wwasden@brennanwasden.com

*Attorneys for Defendant Oscar Cruz*

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of May, 2023, the foregoing was served through the Court ECF system upon all counsel registered to receive service, and served via regular U.S. mail on the following:

Pablo Rangel-Rubio (Pro Se)
Register No. 22405-021
USP Beaumont
U.S. Penitentiary
P. O. Box 26030
Beaumont, TX  77720


        KASOWITZ BENSON TORRES LLP

            */s/ Edward E. McNally*
        Edward E. McNally (*pro hac vice*)
        KASOWITZ BENSON TORRES LLP
        1633 Broadway
        New York, New York 10019
        Telephone:  (212) 506-1700
        Facsimile:   (212) 506-1800
        Email:        EMcNally@kasowitz.com

        Christopher W. Phillips
        Georgia Bar No. 002920
        HUNTER, MACLEAN, EXLEY & DUNN P.C.
        P.O. Box 9848
        Savannah, GA 31412-0048
        Telephone:  (912) 236-0261
        Facsimile:   (912) 236-4936
        Email: cphillips@huntermaclean.com