UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BRIAN J. HUFFMAN, as Administrator of the Estate of ELIUD MONTOYA-ARCOS, Deceased, | ) ) ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:18-cv-00184-WTM-BKE |
| | ) | |
| v. | ) ) | Hon. William T. Moore, Jr. Hon. Brian K. Epps |
| THE DAVEY TREE EXPERT COMPANY; WOLF TREE, INC; MARJORIE L. CONNER; CHRISTOPHER BRANCH; OSCAR CRUZ; and PABLO RANGEL, | ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT CHRISTOPHER BRANCH'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Christopher Branch ("Defendant" or "Branch"), and hereby files this Reply Brief in Further Support of his Motion for Summary Judgment (Doc. 111) and in response to Plaintiff's Opposition to the Motion (Doc. 130).

### 1. Introduction

In his response, Plaintiff argues that (a) Branch's Motion for Summary Judgment is moot due to the recently filed Amended Complaint (Doc. 123) and, in the alternative, (b) that the Motion is premature. *See* Doc. 130. Plaintiff does not address Branch's substantive arguments at all. *Id.* Instead, Plaintiff requests a 14-day extension pursuant to LR 6.1, along with a briefing schedule, if the Court finds that the Motion is neither moot nor premature. *Id.* Defendant defers to the Court's wisdom on the extension and briefing schedule issues; however, it is worth noting that Plaintiff should have had no issue responding to Branch's Motion, given that he filed a similar motion two months ago in the companion State Court case (hereinafter, the "Montoya Action"). The plaintiff

1

in that action then filed a 99-page Composite Response.[1]

So, given that Plaintiff bravely[2] avoided addressing the substantive issues altogether, we turn to his procedural arguments.

### 2. Argument

#### a. *Defendant's Motion for Summary Judgment is not moot.*

As Plaintiff stated in his Reply, "the filing of an amended complaint **generally** moots the parties' previous pleadings stemming from the original complaint." *Savannah Motorcars, LLC v. Volkswagen Grp. of Am., Inc.*, 4:20-CV-37, 2022 WL 866342, at *5 (S.D. Ga. Mar. 22, 2022) (emphasis added and cleaned up). **However, the Court may find that it "is still able to rule on [a motion] for summary judgment."** *Id.*; *see also Liberty Corp. Capital, Ltd. v. First Metro. Baptist Church*, CV420-179, 2021 WL 4166332, at *3 (S.D. Ga. Sept. 13, 2021) ("**Normally**, the filing of an amended complaint would moot previously filed motions for summary judgment," **however** a Court may still find the motions ripe.) (emphasis added).

This is not a normal case in any sense. Since the stay was lifted  in April 2023 (*see* Doc. 83), the docket has been filled with pleadings pointing to the Montoya Action (*see, e.g.,* Docs. 97, 104, 108, 111), where discovery is closed, dispositive briefs are ripe for review, and trial preparations have begun.[3] *See, e.g.* Hearing Transcript, Doc. 111-1, p. 24-25 (the plaintiff's counsel in the Montoya Action – who also represents Plaintiff here – informs Judge Sapp that discovery is over and a trial date should be set); *see also* Doc. 104 (Plaintiff's Motion for Entry of

---

[1] Notably, nowhere in the 99 pages is there any mention of additional discovery needed. In fact, in the Montoya Action, the plaintiff is pushing for a trial date (*see* Doc. 111-1, p. 24-25), but in this case – apparently – "significant developments" (Doc. 130-2 ¶ 3) necessitate months of additional discovery and depositions. It is also worth pointing out that the plaintiff in the Montoya Action filed her own Motion for Summary Judgment.

[2] "Because the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify his entitlement to the shelter of Rule 56[d] by presenting specific facts explaining the inability to make a substantive response." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1338 (11th Cir. 2012). Plaintiff's Rule 56(d) request is discussed in Section 2(b) below.

[3] The State Court has indicated that trial will be set for early 2024.

Protective Order, in which Plaintiff represents that "[a] significant amount of discovery has occurred in the related Montoya case.").[4] Nothing in Plaintiff's Amended Complaint changes the facts underlying either case – which stem from the 2017 shooting of Eliud Montoya. *See* Doc. 111. And nothing in the Amended Complaint changes the conclusion that the murder was not foreseeable to Chris Branch. *Id.*

Defendant's arguments are not moot simply because the Amended Complaint recasts Plaintiff's allegations. The reconstituted Complaint – like the original Complaint – brings civil RICO claims (Counts 1-3)[5] and alleges as to this Defendant assault and battery (Counts 4 and 5), negligence (Count 8), negligent hiring and retention (Count 10), and respondeat superior (Count 9). Doc. 123. Plaintiff also brings a survival claim (Count 20) and seeks attorney's fees (Count 21) along with punitive damages (Count 22). Doc. 123. All these claims were addressed head-on in Branch's Motion for Summary Judgment. *See* Doc. 111. The only new allegation is an intentional infliction of emotional distress claim (Count 15), which derives from the same set of operative facts as alleged in the original Complaint. Doc. 123.

In short, the facts haven't changed in the nearly six years since Montoya was killed. Plaintiff tries to put a fresh spin on them in the Amended Complaint, but the arguments set forth in Defendant's Motion remain as strong today as they were two months ago.

### b. *Defendant's Motion for Summary Judgment is not premature.*

Plaintiff's arguments about the Motion being premature are also unconvincing. Defendant of course agrees that in the vast majority of cases, a party should be able to conduct discovery before being faced with a motion for summary judgment. *See* Doc. 111, p. 3. But, again, this case

---

[4] The parties stipulated to the use of the discovery developed in the Montoya Action in this case. Doc. 97.
[5] The RICO claims, which Defendant has previously moved to dismiss (Doc. 100), will be addressed again in a forthcoming Motion to Dismiss.

is unique because discovery has already been substantially completed.[6] To quote Judge Baker, "[i]t is entirely appropriate to grant a motion for summary judgment after adequate time for discovery." *Taylor v. Pennycuff*, 4:19-CV-236, 2022 WL 905547, at *4 (S.D. Ga. Mar. 28, 2022).

As an initial matter, that Branch has moved to stay discovery (see Docs. 108 and 111) does not mean that the motion for summary judgment is premature (as Plaintiff confusingly argues). Doc. 130, p. 6. The opposite is true: Branch has moved to stay discovery precisely because the motion for summary judgment is ripe for review (and because of his Motion to Dismiss the RICO counts). *See* Doc. 112. The parties here have already agreed to use the reams of evidence developed in the Montoya Action. *See, e.g.,* Doc. 97. Branch has already been deposed about the events that took place nearly six years ago. Plaintiff had a full and complete opportunity to ask him about the events while everything was fresh on his mind.

Plaintiff cites *Carrier Corp. v. Tech. Research, LLC*, 8:21-CV-8-VMC-AAS, 2021 WL 1813436 (M.D. Fla. May 6, 2021) in support of the proposition that the Court should defer ruling on Branch's Motion. *Carrier* is distinguishable because there were "substantial discovery issues pending," including questions about causation and "potentially millions of relevant documents" contained in "over 550 gigabytes of ESI." *Carrier,* 2021 WL 1813436 at *3-4 (cleaned up). There are no such "substantial discovery issues pending" relating to Branch's defenses. Importantly, as stated in *Carrier*, "[t]here is no 'blanket prohibition on the granting of summary judgment motions before discovery' has occurred." *Id.* at *2 (citing to *Est. of Todashev v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020)). Instead, the implication is that "district courts should not grant summary judgment until the non-movant has **had an adequate opportunity for discovery**." *Id.*

---

[6] The parties in the Montoya Action (before that case was stayed **more than three years ago**) were gearing up for a trial that was set for January 22, 2019. Dispositive motions were filed, the pretrial order had been submitted, motions in limine were pending, and trial exhibits had been exchanged.

(citations omitted and emphasis added). "The Eleventh Circuit has determined that summary judgment may only be decided **upon an adequate record**." *Id.* (citing to *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988)) (internal quotation marks omitted); *see also Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a **reasonable opportunity** to discover **information essential** to his opposition.") (emphasis added) *and WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record").

The record here is "adequate," and all the "information essential" for the adjudication of Branch's Motion is already available. Plaintiff cannot view the 50+ depositions and thousands of pages of evidence he has available and seriously contend that he has not "had an adequate opportunity for discovery."[7] Indeed, given that the Montoya Action was set for trial in January 2019, and given that Plaintiff has had the benefit of years of additional investigation and discovery, one could argue that he has had an exceptional opportunity for discovery.

Finally, Plaintiff – through a Fed. R. Civ. P. 56(d) affidavit – points to two developments that he claims would justify delaying a decision on Branch's Motion: (1) the criminal convictions of Pablo Rangel, Oscar Cruz, and others; and (2) the Company Defendants' recent settlement with the U.S. Government. *See* Doc. 130-2. But, importantly, "[w]hen invoking Rule 56(d) a party … must **specifically demonstrate** how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." *Williams-Evans v. Advance Auto*

---

[7] Plaintiff also claims that "Branch has not even responded to Plaintiff's written discovery requests in this case." Doc. 130, p. 6. But Branch has already produced every relevant, non-privileged document to the Plaintiff in the Montoya Action. In the same way, any information sought by Plaintiff via interrogatories has already been provided. There is no information or documentation that Branch could produce here that has not already previously been provided in the Montoya Action. Thus, the argument about Plaintiff needing written discovery responses rings hollow.

*Parts*, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (citations omitted and emphasis added). Plaintiff has failed to carry that burden. Mr. Durham's affidavit (Doc. 130-2) does not "specifically demonstrate" how additional discovery would rebut Branch's Motion; instead, it simply concludes that more discovery might "provide additional evidence relevant" to the Motion. Doc. 130-2.

The evidence (relevant to Branch) that was developed in the criminal trials is squarely addressed in his Motion. He is not asserting that Rangel did not conspire to murder Montoya or that Rangel did not participate in a scheme to harbor and steal from illegal immigrants. Branch's Motion is not dependent on Rangel's guilt or innocence. Rather, Branch's Motion is based on the lack of record evidence showing that Branch knew or should have known that Montoya would be murdered for exposing Rangel's activities. That issue is so "plain and indisputable" that it can be decided as a matter of law. *Vazquez-Klecha v. Bickerstaff*, 4:20-CV-227 (CDL), 2021 WL 5985004, at *3 (M.D. Ga. Dec. 16, 2021). Furthermore, regarding the $4 million settlement with the government, it was the **Company Defendants** who resolved "civil and criminal allegations," not Chris Branch. Doc. 130-2. Branch has not been charged with committing any crimes or violating any laws in connection Montoya's death.

In short, there have been no developments that affect the pending Motion. Plaintiff has had more than five years to develop the evidence to be used against Branch. The question of whether Montoya's murder was foreseeable does not require additional discovery. The record is complete, and the evidence is overwhelming. This issue can be decided now as a matter of law.[8]

---

[8] *See, e.g., Bickerstaff*, 2021 WL 5985004, at *1 (deciding as a matter of law questions of foreseeability and proximate cause); *see also Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 843, 797 S.E.2d 87, 90–91 (2017) (foreseeability is "properly for the court's adjudication" when evidence is "plain and undisputable"); *Georgia CVS Pharmacy, LLC v. Carmichael*, S22G0527, 2023 WL 4247591 (Ga. June 29, 2023) (foreseeability can be decided as a matter of law where no rational juror could determine the issue in favor of the non-movant); *Johnson v. Avis Rent A Car Sys., LLC*, 311 Ga. 588, 593, 858 S.E.2d 23, 30 (2021) (same). *Paradise Ent'mt Grp., Inc. v. Favors*, 363 Ga. App. 636, 640 (Ct. App. 2022) (same).

### 3. Conclusion

Based on the foregoing, Defendant Christopher Branch respectfully requests that his Motion for Summary Judgment be **GRANTED** and all claims against him be dismissed with prejudice.

Respectfully submitted, this 3rd day of August, 2023.

BOUHAN FALLIGANT LLP

*/s/ Carlton E. Joyce*
CARLTON E. JOYCE
State Bar of Georgia No. 405515

*/s/ Gary J. McGinty*
GARY J. MCGINTY
State Bar of Georgia No. 602353

*Attorneys for Defendant Christopher Branch*

Post Office Box 2139
Savannah, Georgia 31402
T: 912.232.7000
F: 912.233.0811
Email: cejoyce@bouhan.com
        gmcginty@bouhan.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, the foregoing was served through the Court ECF system

upon all counsel registered to receive service, and served via regular U.S. mail on the following:

Pablo Rangel-Rubio (*Pro Se*)
Register No. 22405-021
USP Victorville
U.S. Penitentiary
P.O. Box 3900
Adelanto, California 92301

Respectfully submitted, this <u>3rd</u> day of August, 2023.

BOUHAN FALLIGANT LLP

*/s/ Gary J. McGinty*
CARLTON E. JOYCE
State Bar of Georgia No. 405515
GARY J. MCGINTY
State Bar of Georgia No. 602353
*Attorneys for Defendant Christopher Branch*

Post Office Box 2139
Savannah, Georgia 31402
T: 912.232.7000
F: 912.233.0811
Email: cejoyce@bouhan.com
           gmcginty@bouhan.com