**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BRIAN JOSEPH HUFFMAN, ESQ., as | ) | |
| Administrator of the Estate of | ) | |
| ELIUD MONTOYA-ARCOS, Deceased, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 4:18-CV-184 |
| | ) | |
| THE DAVEY TREE EXPERT COMPANY; | ) | |
| WOLF TREE, INC.; MARJORIE L. | ) | |
| CONNER; CHRISTOPHER BRANCH; | ) | |
| OSCAR CRUZ; and PABLO RANGEL, | ) | |
| a/k/a PABLO RANGEL-RUBIO, | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DEFER RULING
ON DEFENDANT MARJORIE L. CONNER'S PARTIAL SUMMARY
JUDGMENT MOTION**

Plaintiff Brian J. Huffman, as administrator of the estate of Eliud Montoya-Arcos, deceased, hereby submits his reply to Defendant Marjorie L. Conner's response (Doc. 181) to Plaintiff's motion to defer ruling (Doc. 177) on Conner's partial summary judgment (Doc. 163).

## Introduction

Conner's partial summary judgment motion (MPSJ) is an attempt to obtain summary judgment before discovery has begun in this case and without disclosing the substance of non-privileged communications relevant to her MPSJ. This Plaintiff has not had an opportunity to discover information surrounding Conner's less-than-two-months-old position that her communications with Mr. Montoya are

*not* privileged, a position she *combatted* in *Montoya*[1] then *adopted* after discovery in that case concluded. This relevant information has been unavailable to this Plaintiff, as discovery is now stayed. (Doc. 178). For this reason, along with all other reasons outlined in Plaintiff's motion to defer ruling on Conner's MPSJ (Doc. 177), the MPSJ is premature, and Plaintiff's motion to defer the MPSJ should be **GRANTED**.

### Argument and Citation of Authority

1.     *Contrary to Conner's response to Plaintiff's motion to defer her MPSJ, Plaintiff has not had an adequate opportunity to conduct discovery in this action, especially given Conner's reversal of her stance throughout* Montoya *that her communications with Mr. Montoya are protected by the attorney-client privilege.*

In response to Plaintiff's point that Conner reversed her previous **testimony** that communications between her and the late Mr. Montoya are protected by the attorney-client privilege, Conner accuses Plaintiff of "blatant and deliberate misrepresentation of the record to the Court." (Doc 181, p. 2). Conner implies she had nothing to do with invoking the attorney-client privilege in response to questions about the substance of her communications with Mr. Montoya: according to her, "[i]t was in fact, counsel for *the Companies*, Ms. Wright, who asserted attorney client privilege and also work product during Conner's deposition, on behalf of Conner's former clients, the Companies," and "Conner couldn't answer the question because her clients, *the Companies*, had asserted their privilege and work

---

[1] *Maria De Los Angeles Sierra Hernandez a/k/a Maria Montoya v. The Davey Tree Expert Company, et al.*, Civil Action No. STCV17-01873, State Court of Chatham County.

product objections." (Doc. 181, p. 2 (emphasis added)). Conner's response, however, fails to address several passages from her deposition in which she *testified that her communications with Mr. Montoya are privileged*, when she simply could have followed attorney instructions not to answer the question. For example:

> Q. Okay. And what did [Mr. Montoya] tell you during that conversation in May of 2017?
> MS. WRIGHT: Objection. We are going to object on the grounds of attorney-client privilege and work product.
> BY MR. TURNER:
> Q. Is that because Mr. Montoya was your client?
> *A. It is because I was an attorney for the company.*
> *Q. And Mr. Montoya was an employee of the company?*
> *A. Yes.*
> *Q. And therefore, you treated his communication as a client of yours?*
> ***A. I treated his communication as attorney-client privilege/work product.***

(Doc. 177-1, depo pp. 79:21—80:15). Further, Conner fails to explain the following testimony from her deposition:

> Q. Why did you not take [Mr. Montoya's] concern seriously and keep his identity confidential?
> MS. WRIGHT: Same objection.
> THE WITNESS: I –
> MS. WRIGHT: I would instruct her not to answer because it invades your attorney-client privilege.
> THE WITNESS: ***I agree with the objection*** and will not answer ***based on the attorney-client privilege.***

(Doc. 177-1, depo pp. 162:20—163:4). Thus, regardless of the Corporate Defendants' objections and instructions, Conner **testified** that she "**treated [Mr. Montoya's] communication as attorney-client privilege.**"

Now, though, Conner's MPSJ here has taken the *opposite* position: Conner now claims, "Montoya was **adverse to her clients from the beginning of her**

*investigation*," which she says began when she received Mr. Montoya's April 24, 2017, letter. (Doc. 169, p. 2 (emphasis added)). Therefore, Conner claims, she had no duty to Mr. Montoya and, accordingly, her MPSH should be granted. (Doc. 163, pp. 8-10).

As outlined in Plaintiff's motion to defer, this is a ***reversal*** of the above-quoted testimony that her communications with Mr. Montoya are protected by the attorney-client privilege. By admitting that Mr. Montoya was adverse to her clients since April 2017, she admitted that her communications with Mr. Montoya from that point forward are *not* privileged. *See In re Tri State Outdoor Media Grp., Inc.*, 283 B.R. 358 (Bankr. M.D. Ga. 2002) ("Courts apply the attorney-client privilege only when necessary because it withholds relevant information from the *adverse party* and the court. Thus, the privilege attaches only to confidential communications made to the attorney *by the client* with the *intent to receive legal advice or assistance*." (Emphasis added)). Especially considering Conner's reliance on the adverse relationship between Mr. Montoya and her clients to argue that she had no duty to him, before *any Defendant's* summary judgment motion, much less *Conner's*, can be adjudicated, Plaintiff must be given an opportunity to discover the substance of Conner's communications with Mr. Montoya. In addition to the other reasons outlined in Plaintiff's motion to defer, Plaintiff's motion to defer should be granted.

2.      *Contrary to Conner's response to Plaintiff's motion to defer, Plaintiff has not defaulted on Conner's MPSJ and, even if he has, that is no good reason to grant Conner's MPSJ.*

Like the Corporate Defendants (Doc. 175), Conner claims, "Plaintiff is in default" as to her MPSJ and, therefore, the MPSJ should be granted. (Doc. 181, pp. 1, 3-4). Plaintiff is not in default. As a court in this circuit found in a case with a similar procedural posture, there is "no good reason to require a response to Defendants' motion for summary judgment *prior to the completion of the discovery process . . . .*" *EmCyte Corp. v. XLMedica, Inc.*, Case No. 2:19-CV-769-JES-NPM, 2022 WL 16743835, *2 (M.D. Fla. Nov. 7, 2022) (emphasis added).[2] As noted by Plaintiff's motion to defer, Conner has not even responded to Plaintiff's written discovery requests, much less been deposed by Plaintiff. Nor has any Defendant in this case responded to Plaintiff's written discovery responses or been deposed by Plaintiff. After Plaintiff filed his motion to defer Conner's MPSJ, the Court granted Defendants' motions to stay discovery pending resolution of their motions to dismiss. (Doc. 178). This underscores the early stage of this case and the amount of

---

[2] Conner says Plaintiff's motion to defer ruling on her MPSJ is "not a thing." (Doc. 181, p. 1). In *EmCyte*, however, the court granted plaintiff's "Expedited, Opposed *Motion for Deferment of Defendants' Motion for Summary Judgment.*" *Id.* at *1 (emphasis added). That decision was rooted in Fed. R. Civ. P. 56(d), which provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) *defer considering the motion* or deny it." *Id.*; Fed. R. Civ. P. 56(d)(1) (emphasis added). *See also Hilliary v. FlightSafety Int'l, Inc.*, No. 1:17-CV-00999-AT-WEJ, 2017 WL 11316992 (N.D. Ga. July 28, 2017) (granting defendant's "Motion to Defer Ruling" on plaintiff's MPSJ until after "the parties have had the opportunity to engage in discovery"); and *Dutton v. United States*, No. 6:13-CV-58, 2013 WL 12212544 (S.D. Ga. Aug. 19, 2013) (granting plaintiff's Rule 56(d) motion where defendant moved for summary judgment "before any discovery has been conducted").

discovery in this action that remains outstanding. Accordingly, there is no good reason for Plaintiff to respond at this stage to the merits of Conner's MPSJ.

As with the Corporate Defendants' MPSJ, assuming *arguendo* that Conner's MPSJ were deemed unopposed, that by itself would not be valid grounds to award summary judgment. *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). As one court in this circuit explained, "judicial obligations under Rule 56(d) restrain any entry of summary judgment based alone on the adverse litigant's neglect to join the summary judgment issue precisely." *Guy v. Colonial Bank*, No. 2:06CV00271 WKW-DRB, 2006 WL 4005321, at *2, n. 2 (M.D. Ala. Dec. 15, 2006) (emphasis added), *report and recommendation adopted*, No. 206-CV-271-WKW, 2007 WL 294123 (M.D. Ala. Jan. 29, 2007). *See also Trustees of Central Pension Fund v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir.2004) ("Summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment.").

So, even if the Court were to deem Conner's MPSJ unopposed, that alone would not warrant granting the MPSJ. The Court would also have to consider the merits of the MPSJ, and, for the reasons explained above and in Plaintiff's motion to defer, including Conner's recent admission that her communications with Mr.

Montoya are *not* privileged, the Court cannot rule on Conner's MPSJ without giving Plaintiff an opportunity to conduct discovery.

### Conclusion

For these reasons and all other reasons outlined in Plaintiff's motion to defer ruling on Conner's MPSJ (Doc. 177), Plaintiff's motion should be ***GRANTED***.

Respectfully submitted this 16th day of November, 2023.

**GRIFFIN DURHAM TANNER & CLARKSON**

/s/ *James D. Durham*
James D. Durham
Georgia Bar No. 235515
jdurham@griffindurham.com
Samuel L. Mikell
Georgia Bar No. 241146
smikell@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: (912) 867-9140

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served the foregoing through the Court ECF system upon all counsel registered to receive service, and that I have served the foregoing via U.S. mail on the following:

Pablo Rangel-Rubio (*Pro Se*)
Register No. 22405-021
USP Atwater
Post Office Box 019001 6A-123
Atwater, California 95301

This 16th day of November, 2023.

**GRIFFIN DURHAM TANNER & CLARKSON**

/s/ *James D. Durham*
James D. Durham
Georgia Bar No. 235515
jdurham@griffindurham.com
Samuel L. Mikell
Georgia Bar No. 241146
smikell@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: (912) 867-9140

*Attorneys for Plaintiff*