IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| BRIAN J. HUFFMAN, as Administrator of the Estate of Eliud Montoya-Arcos, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV 418-184 |
| THE DAVEY TREE EXPERT COMPANY, et al., ) ) ) ) | |
| Defendants. ) | |

**O R D E R**

The Court **GRANTS IN PART** Plaintiff's Motions to Defer Ruling, (doc. nos. 166, 177), and **DEFERS RULING** on the partial summary judgment motions filed by Defendants Marjorie Conner, (doc. no. 163), and The Davey Tree Expert Company and Wolf Tree, Inc., (doc. no. 161), through final adjudication of all pending motions to dismiss.

The Court previously detailed the procedural history of this case in its Order staying discovery, familiarity with which is presumed. (See doc. no. 178.) In the motions under consideration, Plaintiff seeks deferral of briefing and decisions on two partial summary judgment motions until the end of the discovery period, alleging he lacks sufficient information to provide a meaningful response despite more than fifty depositions and the exchange of voluminous information in the related state case.

The Court finds a briefer deferral is necessary for a more fundamental reason. The pending motions to dismiss seek dismissal of the federal RICO claims for failure to state a claim and dismissal of all state claims for lack of subject matter jurisdiction. (See doc. nos. 102, 141, 144, 151.) Dismissal of the RICO claims would divest the Court of federal question jurisdiction and may result in remand of the entire case to state court. Moreover, the non-RICO state law claims for which Defendants seek summary judgment are nearly identical to the claims in the companion state court case, which has proceeded through discovery and is near trial. Wading now into the merits of state law claims that may wind up in a state court with a nearly identical case is inefficient and unwise. The best course is deferral of a ruling on these summary judgment motions through final adjudication of the pending motions to dismiss. In the event this case remains in federal court following the rulings on all pending motions to dismiss, (doc. nos. 100-03, 141, 142, 144, 151), the parties shall propose a summary judgment briefing schedule in their joint status report, (see doc. no. 178, p. 8).

Plaintiff asks the Court to defer longer, until discovery closes, pursuant to Fed. R. Civ. P. 56(d), which provides as follows:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). This subsection "qualifies Rule 56(c)'s requirement that the non-moving party establish that a genuine dispute of fact exists in cases 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Est. of

Todashev v. United States, 815 F. App'x 446, 450–51 (11th Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

Such a deferral request would be presumptively valid in a typical case where discovery has not yet begun, but this is not a typical case by any means.  Indeed, it appears undisputed that, in the companion state case, "these same Plaintiff's lawyers have themselves personally taken over 50 depositions (including of experts, and including 30(b)(6) depositions) and obtained and reviewed tens of thousands of pages of discovery as to the negligence claims." (Doc. no. 175, pp. 9-10.)  Moreover, the parties "have stipulated and agreed to use in this case the extensive discovery in the *Montoya* action." (Id. at 10.)  And "Plaintiff's *negligence-based claims* . . . are *virtually the same claims* that were the subject of discovery in *Montoya*." (Id.)  Finally, "[e]very party, save Pablo Rangel, has filed, briefed and argued their respective summary judgment motions in the wrongful death case." (Doc. no. 181, p. 2.)  These compelling procedural facts turn on its head any presumption of favoring a Rule 56(d) request made at the pleadings stage.  More importantly, careful consideration of Plaintiff's arguments confirms deferral until the end of discovery is unwarranted.

As noted above, it is Plaintiff's burden to convince the Court deferral is appropriate by pointing to information he has not yet had the opportunity to discover that is "essential to his opposition."  The thrust of the Corporate Defendants' summary judgment motion, as acknowledged by Plaintiff, is that "Mr. Montoya's *intervening criminal act* was entirely *unforeseeable*, something that no one could have reasonably anticipated." (Doc. no. 161, p. 3.)  Plaintiff contends he needs additional discovery to counter this argument because, after discovery closed in the state case, (1) Defendant Pablo Rangel, Defendant Oscar Cruz, and Juan Rangel were convicted in this Court of murder, conspiracy to kill Mr. Montoya,

3

conspiracy to retaliate against Mr. Montoya, and harboring and concealing illegal aliens; and (2) in July 2023, the Corporate Defendants agreed to pay almost $4 million to the U.S. Government to resolve criminal and civil allegations related to their illegal labor practices. (Doc. no. 166, pp. 6-8; doc. no. 177, pp. 7-11.)  The former, Plaintiff points out, will result in Pablo Rangel answering questions during his next deposition rather than asserting the Fifth Amendment as he did when deposed in the state action.  The latter, Plaintiff argues, will enable Plaintiff to obtain in discovery documents produced by the Corporate Defendants to the government during the criminal and civil investigations.  Neither of these discovery items is essential, however, to opposing the Corporate Defendants' summary judgment motion.

As the Corporate Defendants explain, the parties undoubtedly examined every fact relating to the criminal acts in the state case.  Furthermore, Mr. Rangel admitted in his criminal case that he arranged for Mr. Montoya's murder because he reported the illegal conduct to the EEOC, and nothing he could add in the way of details during a deposition is likely to impact the legal analysis of whether his *"criminal act* was entirely *unforeseeable*, something that no one could have reasonably anticipated." (Doc. no. 161, p. 3; doc. no. 175, pp. 4-5, 12-14.) Nor is the civil and criminal government investigation essential to opposing the summary judgment motion because it concerned only immigration and employment violations, not the murder. (Doc. no. 175, pp. 14-15.)  Indeed, Plaintiff has not specified any facts he deems essential to opposing the Corporate Defendants' summary judgment motion that he has not had the opportunity to discover.

Turning to Defendant Conner's partial summary judgment motion, Plaintiff correctly characterizes a "main argument" in Defendant Conner's partial summary judgment motion "is that, as general counsel to the Corporate Defendants, who were *adverse* to Mr. Montoya, she

4

had no duty to him, and therefore cannot be liable for negligence." (Doc. no. 177, p. 2 (citing doc. no. 163, pp. 8-10).) Plaintiff attempts to argue this is a sea change from the position Ms. Conner took during her deposition in the state case, because she asserted attorney-client privilege when asked about conversations with Mr. Montoya. (Id. at 8-9.) But as Defendant Conner retorts, "[t]hat doesn't mean that Conner testified that Montoya was her client. That means that Conner couldn't answer the question because her clients, the Companies, had asserted their privilege and work product objections." (Doc. no. 181, p. 3.) Plaintiff also references his effort to obtain during discovery in this action of information and testimony deemed privileged by the state court, but the Court has since rejected Plaintiff's effort and enforced the state court's privilege determination. (See doc. no. 178.) Plaintiff has failed to point out any fact essential to opposing Defendant Conner's summary judgment motion that he has not had an opportunity to discover.

Lastly, Plaintiff did not default by opting not to file responses to the partial summary judgment motions. A party who seeks deferral under Rule 56(d) "may seek an order deferring the time to respond to the summary-judgment motion." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Plaintiff properly requested such a deferral. (Doc. no. 166, pp. 9-10; doc. no. 177, pp. 12-13.) As Defendants point out, Plaintiff did act at his own peril by allowing the summary judgment response deadlines to lapse while the deferral motions were pending. (Doc. no. 175, p. 8); see also U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp., No. 105-CV-2492, 2007 WL 1020838, at *2 (N.D. Ga. Mar. 30, 2007) ("When a party moves for an extension of time to file a response, and the Court does not grant that extension prior to the time the response is due, the party assumes that the court will entertain its request at its own peril.").

But "[t]he decision to forego the filing of a response based on the pendency of that motion was [Plaintiff's] to make." U.S. Commodity Futures Trading Comm'n, 2007 WL 1020838, at *2. Fortunately for Plaintiff, the Court "finds that deferral of a response to the motion for summary judgment is appropriate" in light of the pending motions to dismiss and deferral of a ruling on the partial summary judgment motions. EmCyte Corp. v. XLMedica, Inc., No. 219-CV-769, 2022 WL 16743835, at *2 (M.D. Fla. Nov. 7, 2022).

Moreover, even if the Court were to find Plaintiff failed to properly respond to the partial summary judgment motions, "Rule 56(e) grants district courts broad discretion when a party fails to properly address another party's assertion of fact. One option at the district court's disposal is that it *may* deem that fact undisputed." Scott v. Gomez, 792 F. App'x 749, 752 (11th Cir. 2019) (*per curiam*) (citing Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments; and then citing Fed. R. Civ. P. 56(e)(2)). But the Court is not limited to this option, as "Federal Rule of Civil Procedure 56(e)(1) [also] states that 'if a party fails to properly support an assertion of fact,' among other options 'the court may give an opportunity to properly support or address the fact.'" Skanes v. FedEx, 734 F. App'x 671, 672–73 (11th Cir. 2018) (*per curiam*) (quoting Fed. R. Civ. P. 56(e)(1)). As the Advisory Committee notes state:

> summary judgment cannot be granted by default even if there is a *complete failure* to respond to the motion . . . . Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact [the non-movant failed to support or address]. In many circumstances this opportunity will be the court's preferred first step.

Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments (emphasis added). Thus, even if Plaintiff "completely failed" to respond—which he did not, as he requested deferral of

both briefing and a ruling under Rule 56(d)—or if the Court found Plaintiff's motions procedurally improper under Rule 56(d), the Court could still request briefing from Plaintiff to afford him an opportunity to address various facts presented in the partial summary judgment motions. This broad discretion and stated preference for summary judgment determinations based on the merits rather than technicalities is consistent with the Court's overriding goal of securing the just determination of every action and proceeding.

Thus, the Court **GRANTS IN PART** Plaintiff's request for an extension of time to respond to the partial summary judgment motions. (Doc. no. 166, p. 9-10; doc. no. 177, pp. 12-13.) As discussed above, in the event this case remains in federal court following resolution of all pending motions to dismiss, the parties shall propose a summary judgment briefing schedule in their joint status report. (See doc. no. 178, p. 8.) The Court will establish a deadline for Plaintiff to respond to the partial summary judgment motions at the time it issues a revised Scheduling Order, if necessary.

SO ORDERED this 18th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA