IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRIAN J. HUFFMAN, as Administrator of the Estate of Eliud Montoya-Arcos, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>THE DAVEY TREE EXPERT COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 4:18-cv-184 |

**O R D E R**

Presently pending before the Court are several motions. Four of those motions, (docs. 100–03), are motions to dismiss that various Defendants filed in response to Plaintiff's initial Complaint. One additional motion—Defendant Christopher Branch's Motion for Summary Judgment, (doc. 111)—was filed during the same time frame. Since the filing of those five motions, Plaintiff has filed an Amended Complaint, (doc. 123), which does not refer to, adopt, or incorporate the original Complaint. An amended complaint "renders moot a motion directed to the original complaint because such a motion is directed toward a pleading that has been superseded." Houston v. Mesun Health Servs., Inc., No. 1:21-cv-04865, 2022 WL 22329157, at *1 (N.D. Ga. Apr. 27, 2022); see also Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case") (citations omitted). The Court therefore **DENIES as moot** the motions to

dismiss the original Complaint, (docs. 100, 101, 102 & 103), and the motion for summary judgment, (doc. 111).[1]

Since Plaintiff filed his Amended Complaint, (doc. 123), Defendants have filed four Motions to Dismiss, (docs. 141, 142, 144 & 151), to which Plaintiff has filed a lengthy consolidated response, (doc. 157), and Defendants have filed replies, (docs. 168, 170, 171 & 172). The briefing—particularly Plaintiff's consolidated response brief, (doc. 157)—focuses heavily on the viability of Plaintiff's Georgia Racketeer Influenced and Corrupt Organizations ("RICO") claim.  Along with the filing of the Amended Complaint, Plaintiff tried to comply with Local Rule 9.1 by filing a document entitled "Plaintiff's RICO Statement," (doc. 125).

Local Rule 9.1 provides, in pertinent part,

> In all actions asserting a claim under RICO, the party asserting the RICO claim must, upon filing, or within fourteen (14) days of removal or transfer, also file a RICO statement summarizing the basis of the claim. The RICO statement is included in the Appendix of Forms to this section of these Local Rules.

S.D. Ga. L.R. 9.1.  Unfortunately, according to a footnote in Plaintiff's filing, the RICO statement form was not available through the Court's Website (though counsel could have been obtained a copy by calling the Clerk of Court's office).  Accordingly, Plaintiff's one-paragraph summary of his RICO allegations does not conform with what is required by Local Rule 9.1.  (See doc. 125.) The Court's form for RICO statements (a copy of which is attached to this Order) is far more comprehensive than Plaintiff's summary.  It contains twenty prompts (some with subparts) that require plaintiffs to provide a bevy of details about the allegations underlying their RICO claim(s).[2]

---

[1] As the denial of these motions is without prejudice, it does not impact the parties' abilities to file new motions, as to the Amended Complaint, that contain any of the same or similar arguments that were offered in the initial motions.

[2] The Court acknowledges that the form refers to federal RICO statutes, while Plaintiff's claim is asserted pursuant to the Georgia RICO statute.  That said, Local Rule 9.1 does not indicate that the form need only

This case has a long and tortured history largely because of a stay imposed for more than four years during related criminal proceedings. (See docs. 38, 83.) The Court is thus reluctant to impose further delay. But this case involves complex allegations of RICO violations of just the sort that the Court's RICO statement form seeks to clarify. Additionally, Plaintiff's RICO claims are the main focus of the motions and briefing pending before the Court, and the RICO statement would bring clarity to the parties' arguments. Thus, good cause exists to require Plaintiff to complete and file the required version of the RICO statement form. This completed form will supplement the Amended Complaint and provide necessary details about the RICO claim which may impact the parties' briefing on Defendants' Motions to Dismiss.

Accordingly, the Court **DENIES without prejudice** Defendants' Motions to Dismiss, (docs. 141, 142, 144 & 151), but will permit the Motions to be refiled once the parties have the benefit of the information that will be disclosed in Plaintiff's RICO statement. The Court **DIRECTS** Plaintiff to complete and file the RICO statement form (attached hereto and available in electronic format via the Clerk of Court) within **FOURTEEN (14) DAYS** of the date of this Order. Defendants will then have **TWENTY-ONE (21) DAYS** from the date Plaintiff files the RICO statement to file—if they wish—motions to dismiss.[3] Plaintiff will have **TWENTY-ONE (21) DAYS** from the date any and each motion to dismiss is filed to file a response thereto. While the Court appreciates Plaintiff's previous effort to limit the number of pages of responsive briefing by filing one consolidated response, given the number of Defendants and considering they do not

---

be completed as to federal RICO claims; instead, the Rule's language refers broadly to RICO claims in general.

[3] If, upon reviewing the RICO statement, a Defendant determines that no revision to their prior motion is necessary, they are welcome to refile their prior motion.

3

all present the same arguments in their motions, the Court **DIRECTS** Plaintiff to file a separate response to each motion that is filed.[4]  Defendants will have **FOURTEEN (14) DAYS** from the date Plaintiff files a response to file a reply, if they so desire.

    **SO ORDERED**, this 27th day of March, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court *sua sponte* **GRANTS** Plaintiff leave to exceed Local Rule 7.1(a)'s twenty-six page limit by filing responses **up to thirty (30) pages** (i.e., up to 30 pages for each response).